In the Matter of the **WILLIAM P. BRAY COMPANY, Bankrupt.**

No. 25471.

United States District Court, D. Connecticut.

Feb. 5, 1954.

Saltman, Weiss & Connors, Bridgeport, Conn., for William P. Bray Co.

Frederick L. Comley, Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for petitioner Providence Washington Indem. Co.

John J. Darcy, Bridgeport, Conn., for petitioner Charles A. Atherton.

SMITH, Chief Judge.

Petitioner for review, a creditor, attacks the award of a balance of retained funds in the hands of a city to the surety on the bonds of the bankrupt. The bankrupt was a construction company. The surety had paid out more than the balance of the retained funds in carrying out its obligation under the completion and payment bonds of the bankrupt guaranteeing performance of two sewer contracts between the bankrupt and the city, the bankrupt having abandoned the contracts after partial completion.

There is no attack made on the referee's finding of facts, which is hereby adopted.

Petitioner contends that the surety's rights are those of an equitable lienor and not good against the trustee under 60, sub. a(6) and 70, sub. c, of the Bankruptcy Act, 11 U.S.C.A. §§ 96, sub. a(6), 110, sub. c. The referee held 60, sub. a(6) not applicable to the right of a surety under his contract to retained funds in the hands of the contractee to the extent necessary to reimburse the surety for payments by the surety under the bond.

The referee interpreted 60, sub. a(6) as directed toward equitable liens which required some further act to perfect them into legal liens, distinguishing the right of subrogation found to exist in the surety here. This appears to be a correct interpretation of 60, sub. a(6). Moreover, 60, sub. a(6) is directed solely at preference, the elements of which may not be present here.

This is not an interest in or lien upon, property or funds in the possession or control of the bankrupt. Until the obligation to the city was fulfilled the bankrupt had no claim upon the retained funds. The referee held that the city had the right to call upon the retained funds to reimburse itself for any expenditures necessary to complete the fulfillment of the bankrupt's obligation. When the surety expended funds to fulfill the bankrupt's obligations it, the surety, was subrogated to the right of the city to call upon the retained funds for reimbursement. The bankrupt never became entitled to the funds. Note 19 Minn.Law Rev. 454, Surety on Building Contractors Bond; Prairie State National Bank of Chicago v. U. S., 164 U.S. 227, 17 S.Ct. 142, 41 L.Ed. 412, and see New Amsterdam Casualty Co. v. City of Astoria, D.C.Ore., 1919, 256 F. 560; Comment 43 Y.L.J. 1135, Right of Construction Contractor's Surety to Funds in Owner's Hands.

The right of subrogation arises at the time of payment by the surety and is therefore for a present consideration, and not for an antecedent debt. It would seem that the transaction here does not fall within section 60 at all, and that if it did, it would not be the type of equitable lien subject to later perfection to which 60, sub. a (6) is directed. Cf. Danais v. M. De Matteo Const. Co., D.C.N.H., 1952, 102 F.Supp. 874.

If this view of the nature of the surety's right of subrogation is correct, the surety had rights in the fund superior to those a creditor of the bankrupt could have obtained by legal or equitable proceedings, and the trustee succeeds to no greater right under 70, sub. c, of the Act.

The petition for review is denied.